Candido Viliebre **OCAMPO** and Olga Libia Cienfuegos Cardenas, Petitioners,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 07–72062.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2007.*

Filed Dec. 21, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

———

John Stephen Glaser, Esq., Manulkin Glaser & Bennett, Fountain Valley, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, REINHARDT and W. FLETCHER, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") denial of a motion to reconsider its decision denying cancellation of removal.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We have considered petitioners' response to this court's September 10, 2007, order to show cause why the petition should not be summarily denied pursuant to Ninth Circuit Rule 3–6(b).

Petitioners contend the BIA abused its discretion and violated their due process rights by failing to find error in the immigration judge's ("IJ") refusal to hear testimony concerning petitioners' length of residence in the United States. However, as the BIA noted, the BIA and the IJ were aware of the length of time petitioners resided in the United States by the ages of their American-born children. In addition, the record contained written evidence of their length of residence. The BIA therefore did not violate petitioners' due process rights and was within its discretion in denying petitioners' motion to reconsider. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc). In any event, this court lacks jurisdiction to review the immigration judge's and BIA's decision that petitioners failed to show the requisite hardship. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). Accordingly, the petition is summarily denied. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**